JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-cv-5254

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LISA FUCHS

**DEFENDANTS**
PENN CREDIT CORPORATION

5254

**(b)** County of Residence of First Listed Plaintiff: SUFFOLK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: DAUPHIN
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Ste 500, Garden City, NY 11530
(516) 203-7600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question *(U.S. Government Not a Party)*
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated *or* Principal Place of Business In This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated *and* Principal Place of Business In Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ○ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ○ 625 Drug Related Seizure of Property 21 USC 881 | ○ 422 Appeal 28 USC 158 | ○ 375 False Claims Act |
| ○ 120 Marine | ○ 310 Airplane | ○ 365 Personal Injury - Product Liability | ○ 690 Other | ○ 423 Withdrawal 28 USC 157 | ○ 400 State Reapportionment |
| ○ 130 Miller Act | ○ 315 Airplane Product Liability | ○ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ○ 410 Antitrust |
| ○ 140 Negotiable Instrument | ○ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ○ 430 Banks and Banking |
| ○ 150 Recovery of Overpayment & Enforcement of Judgment | ○ 330 Federal Employers' Liability | ○ 368 Asbestos Personal Injury Product Liability | | ○ 820 Copyrights | ○ 450 Commerce |
| ○ 151 Medicare Act | ○ 340 Marine | | | ○ 830 Patent | ○ 460 Deportation |
| ○ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ○ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ○ 840 Trademark | ● 470 Racketeer Influenced and Corrupt Organizations |
| ○ 153 Recovery of Overpayment of Veteran's Benefits | ○ 350 Motor Vehicle | ○ 370 Other Fraud | ○ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ● 480 Consumer Credit |
| ○ 160 Stockholders' Suits | ○ 355 Motor Vehicle Product Liability | ○ 371 Truth in Lending | ○ 720 Labor/Management Relations | ○ 861 HIA (1395ff) | ○ 490 Cable/Sat TV |
| ○ 190 Other Contract | ○ 360 Other Personal Injury | ○ 380 Other Personal Property Damage | ○ 740 Railway Labor Act | ○ 862 Black Lung (923) | ○ 850 Securities/Commodities/ Exchange |
| ○ 195 Contract Product Liability | ○ 362 Personal Injury - Medical Malpractice | ○ 385 Property Damage Product Liability | ○ 751 Family and Medical Leave Act | ○ 863 DIWC/DIWW (405(g)) | ○ 890 Other Statutory Actions |
| ○ 196 Franchise | | | ○ 790 Other Labor Litigation | ○ 864 SSID Title XVI | ○ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ○ 791 Employee Retirement Income Security Act | ○ 865 RSI (405(g)) | ○ 893 Environmental Matters |
| ○ 210 Land Condemnation | ○ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ○ 895 Freedom of Information Act |
| ○ 220 Foreclosure | ○ 441 Voting | ○ 463 Alien Detainee | | ○ 870 Taxes (U.S. Plaintiff or Defendant) | ○ 896 Arbitration |
| ○ 230 Rent Lease & Ejectment | ○ 442 Employment | ○ 510 Motions to Vacate Sentence | | ○ 871 IRS—Third Party 26 USC 7609 | ○ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ○ 240 Torts to Land | ○ 443 Housing/ Accommodations | ○ 530 General | | | ○ 950 Constitutionality of State Statutes |
| ○ 245 Tort Product Liability | ○ 445 Amer. w/Disabilities - Employment | ○ 535 Death Penalty | **IMMIGRATION** | | |
| ○ 290 All Other Real Property | ○ 446 Amer. w/Disabilities - Other | **Other:** | ○ 462 Naturalization Application | | |
| | ○ 448 Education | ○ 540 Mandamus & Other | ○ 465 Other Immigration Actions | | |
| | | ○ 550 Civil Rights | | | |
| | | ○ 555 Prison Condition | | | |
| | | ○ 560 Civil Detainee Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from Another District *(specify)*
- ○ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 USC §1692

Brief description of cause: Fair Debt Collection Practices Act Violation

## VII. REQUESTED IN COMPLAINT:
○ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND** $1000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ● Yes ○ No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: September 14, 2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE: SEP 2 1 2015   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

15    5254

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1 W Elfin Place, MASTIC BEACH, New York 11951

Address of Defendant: 916 South 14th Street, HARRISBURG, Pennsylvania 17104

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) FDCPA 15 U.S.C. 1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Melissa A. Pirillo, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: September 14, 2015    _____    314730
                              Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: September 14, 2015    _____    314730
                              Attorney-at-Law           Attorney I.D.#

CIV. 609 (5/2012)

SEP 2 1 2015



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Lisa Fuchs : CIVIL ACTION
:
v. : NO. **15 5254**
:
Penn Credit Corporation :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| September 14, 2015 | | PLAINTIFF |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (516) 203-7600 | (516) 282-7878 | mpirillo@sanderslawpllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 2 1 2015



$400

**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109568

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA FUCHS,<br><br>Plaintiff,<br><br>vs.<br><br>PENN CREDIT CORPORATION,<br><br>Defendant. | Docket No: **15 5254**<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

LISA FUCHS (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against PENN CREDIT CORPORATION (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367

3. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Pennsylvania.

1

4. Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5. At all relevant times, Defendant conducted business within the State of Pennsylvania.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in Harrisburg, Pennsylvania.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

15. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

20. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

21. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

23. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

24. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

25. Defendant's letter states that, "Our client has referred the account(s) to us for collection in full" and that, "Our client has exhausted all means of resolving this account."

26. The letter further demands that Plaintiff must "Pay in full or contact our office to make payment arrangements."

27. At the same time, however, Defendant's letter demands payment not at the "Total Balance Due," but rather at a reduced "Settlement Amount."

28. It is unclear whether Defendant is demanding payment in full or payment of a reduced amount.

29. Defendant has violated § 1692g as the language of the letter would leave the "least sophisticated consumer," uncertain as to her rights.

30. Defendant has violated § 1692g as the language of the letter would leave the "least sophisticated consumer," confused as to her rights.

31. As such, Defendant has violated § 1692g.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33. Demanding immediate payment without explaining that such demand does not override the consumers right to validation is a violation of the FDCPA.

34. Defendant has demanded Plaintiff make payment during the validation period.

35. Defendant has demanded Plaintiff make payment during the validation period, without explaining that such demand does not override the Plaintiff's right to demand validation.

36. Defendant has violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

38. Here, Defendant's letter states "Pay in full or contact our office to make payment arrangements."

39. This demand by Defendant overshadows Plaintiff's right to do neither of those two things, and instead exercise her validation rights.

40. Defendant's demand would make the "least sophisticated consumer" confused as to her rights.

4

41. Defendant's demand would make the "least sophisticated consumer" uncertain as to her rights.

42. Defendant has therefore violated § 1692g.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

44. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

46. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

47. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

48. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

49. The "least sophisticated consumer" would likely be deceived by Defendant's conduct.

50. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### FIFTH COUNT
### Violation of New York General Business Law §349

51. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care

53. Defendant's deception as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

54. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

5

55. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

56. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

57. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

58. Plaintiff is a reasonable consumer.

59. Defendant's conduct would mislead a reasonable consumer.

60. Defendant engaged in a material deceptive act or practice as described herein.

61. Defendant's conduct caused plaintiff to suffer injury.

62. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

63. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's actual damages; and

d. Damages against Defendant pursuant to NYGBL § 349; and

e. Plaintiff's costs; together with

f. Such other relief that the Court determines is just and proper.

DATED: September 14, 2015

                                                  BARSHAY SANDERS, PLLC

                                                  By: _____
                                                  Melissa A. Pirillo, Esq.
                                                  BARSHAY SANDERS, PLLC
                                                  100 Garden City Plaza, Suite 500
                                                  Garden City, New York 11530
                                                  Tel: (516) 203-7600
                                                  Fax: (516) 706-5055
                                                  *ConsumerRights@BarshaySanders.com*
                                                  *Attorneys for Plaintiff*
                                                  Our File No.: 109568

# EXHIBIT 1

# PennCredit

Hours:  Mon-Thur 8am-10pm EST
        Fri 8am-5pm EST
        Sat 8am-12pm EST
Phone:  800-900-1370

05/29/15

CLIENT: QVC
ID NUMBER: ▓5370
TOTAL BALANCE DUE: $562.03
SETTLEMENT AMOUNT: $421.00



ACA INTERNATIONAL
The Association of Credit and Collection Professionals
Member

Our client has referred the account(s) to us for collection in full. Our client has exhausted all means of resolving this account. All payments and inquires should be made directly with our office.

Pay in full or contact our office to make payment arrangements. It is important you communicate with our office if you can not make payment. We can help you. Call our offices for help.

PCC and our client understand you may not be in a position to pay in full due to financial hardship(s). We are willing to discuss settlement in full and/or make payment arrangements of the below referenced account(s). Please be advised, if you choose to take advantage of the settlement offer you will not have any additional purchasing privileges with QVC in the future. Please send your payment or you may pay on line at http://account.penncredit.com or call the phone number provided on this letter to pay by phone with your check or Visa / MasterCard.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This letter is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

| SERVICE RENDERED | SERVICE DATE | ACCOUNT NUMBER | BALANCE |
|---|---|---|---|
| ORDERED MERCHANDISE | 2014/04/16 | ▓3937 | $562.03 |

**New York Residents:**
Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass. Penn Credit Corporation's New York City Department of Consumer Affairs license number is 1039314.



DETACH AND RETURN WITH PAYMENT TO EXPEDITE CREDIT TO YOUR ACCOUNT

P.O Box 1259, Department 91047
Oaks, PA 19456
CHANGE SERVICE REQUESTED

IF PAYING BY VISA, MASTERCARD OR DISCOVER, FILL OUT BELOW

☐ VISA    ☐ MASTERCARD    ☐ DISCOVER
CARD NUMBER                          EXP. DATE
SIGNATURE                            AMOUNT

Visit http://account.penncredit.com to pay your bill online.

Payments received by check will be electronically deposited, unless you pay by non-consumer type check. You may opt out of this program by paying with a money order or a travelers check. In the unlikely event your check (payment) is returned unpaid, we may elect to electronically (or by paper draft) re-present your check (payment) up to two more times. You also understand and agree that we may collect a return processing charge by the same means, in an amount not to exceed that as permitted by state law.

SETTLEMENT AMOUNT: $421.00    ID NUMBER: ▓5370    05/29/15

LISA FUCHS
1 W ELFIN PL
MASTIC BEACH NY  11951-5508

91203 - 953

PENN CREDIT
916 S 14TH ST
PO BOX 988
HARRISBURG PA 17108-0988

91203-NSTLQ-953